**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109715

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HENRY ROSALES,<br><br>Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC. and MIDLAND FUNDING, LLC,<br><br>Defendants. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

HENRY ROSALES (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against MIDLAND CREDIT MANAGEMENT, INC. and MIDLAND FUNDING, LLC, (hereinafter collectively referred to as "*Defendants*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

1

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, Defendants' principal place of business is located in San Diego, California.

8. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and are therefore "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12. At a time known only to Defendants, Plaintiff's alleged debt was assigned or otherwise transferred to Defendants for collection.

13. In their efforts to collect the alleged debt, Defendants contacted Plaintiff by letter. ("Exhibit 1.")

14. Defendants' letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

15. As set forth in the following Counts, Defendants' letter violated the FDCPA.

### FIRST COUNT
**Violation of 15 U.S.C. § 1692g(a)(3)**
**Validation of Debts**

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

18. 15 U.S.C. § 1692g(3) requires the notice to include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

19. There is no requirement that the consumer dispute the debt in writing.

20. It is a violation of FDCPA to require disputes be made in writing.

21. It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(3) statement.

22. It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(3) statement.

23. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

24. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

25. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

26. Defendant's letter states, on the back thereof, "All communication regarding this account should be addressed to MCM and not the previous owner."

27. Defendant's letter states, on the back thereof, in bold type-face, "Communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, are to be sent to: 8875 Aero Drive, Suite 200, San Diego, CA 92123; Attn: Consumer Support Services." (Emphasis in original.)

28. The language concerning written disputes overshadows the required 15 U.S.C. § 1692g(3) statement.

29. The language concerning written disputes contradicts the required 15 U.S.C. § 1692g(3) statement.

30. The language concerning written disputes, when examined from the perspective

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

31. The language concerning written disputes, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

32. The language concerning written disputes, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

33. Defendants' conduct, as set forth above, violates § 1692g(a)(3).

## SECOND COUNT
## Violation of 15 U.S.C. § 1692g
## Validation of Debts

34. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

35. A debt collector has the obligation, not just to convey the information required by 15 U.S.C. § 1692g, but also to convey such clearly.

36. Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication, or by other collection activities during the 30-day validation period following the communication.

37. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

38. Defendants' letter contradicts the validation notice in that it would make the least sophisticated consumer uncertain or confused as to her right to dispute the debt by something other than in writing.

39. Defendants' letter overshadows the validation notice in that it would make the least sophisticated consumer uncertain or confused as to her right to dispute the debt by something other than in writing.

40. Defendants' conduct violates 15 U.S.C. § 1692g.

## THIRD COUNT
## Violation of 15 U.S.C. § 1692e
## False or Misleading Representations

41. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

42. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

44. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

45. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

46. Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading concerning Plaintiff's right to dispute the debt by something other than in writing, it is deceptive within the meaning of the FDCPA.

47. The least sophisticated consumer would likely be deceived by Defendants' conduct.

48. The least sophisticated consumer would likely be deceived in a material way by Defendants' conduct.

49. The least sophisticated consumer would be unsure unsure as to whether a writing or oral communication is necessary to dispute the underlying debt.

50. Defendants' conduct violates 15 U.S.C. § 1692e.

## FOURTH COUNT
### Violation of 15 U.S.C. § 1692g
### Failure to Adequately Convey the Amount of the Debt

51. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

52. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

53. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

54. A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

55. Defendants' letter to Plaintiff indicates a "Current Balance" of "$769.31."

56. Defendant's letter, on the back thereof, indicates an "Interest Rate" of "19.90%."

57. Defendant's letter fails to identify the date as of which the unpaid interest was calculated.

58. Defendant's letter fails to indicate whether interest will continue to accrue on the unpaid principal balance.

59. The least sophisticated consumer would be confused as to how she could satisfy the debt.

60. The least sophisticated consumer might believe she could pay the debt in full by remitting the "Current Balance" stated in the letter at any time after she received the letter.

61. Such belief may or may not be correct as Defendant has failed to indicate whether interest will continue to accrue on the "Current Balance."

62. Defendant failed to clearly state the amount of the debt.

63. Defendant failed to unambiguously state the amount of the debt.

64. Because of this failure, the least sophisticated consumer would likely be confused as to the amount of the debt.

65. Because of this failure, the least sophisticated consumer would likely be uncertain as to the amount of the debt.

66. Defendant has violated the FDCPA because the letter fails to state whether the debt is continuing to accrue interest.

67. Defendant has violated the FDCPA because the letter fails to identify the date as of which the unpaid interest was calculated.

68. Defendant has violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

## JURY DEMAND

69. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Statutory damages of $1,000.00 against Defendant pursuant to 15 U.S.C. §

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

    1692k; and

 b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

 c. Plaintiff's costs; all together with

 d. Such other relief that the Court determines is just and proper.

DATED: November 19, 2015

          **BARSHAY SANDERS, PLLC**

          By: __/s/ Craig B. Sanders_____
          BARSHAY SANDERS, PLLC
          100 Garden City Plaza, Suite 500
          Garden City, New York 11530
          Tel: (516) 203-7600
          Fax: (516) 706-5055
          csanders@barshaysanders.com
          *Attorneys for Plaintiff*
          Our File No.: 109715